**MINEBEA CO., LTD., et al., Plaintiffs,**

v.

**Georg PAPST, et al., Defendants.**

**No. CIV.A. 97–0590(PLF).**

United States District Court, District of Columbia.

Nov. 6, 2002.

Tom M. Schaumberg, Washington, DC, Joel E. Lutzker, Schulte Roth & Zabel, LLP, New York City, for Plaintiffs.

William Karl Wilburn, Campbell Killefer, Venable, Baetjer, Howard & Civiletti, L.L.P., Washington, DC, Richard Lee Wood, A. Sidney Katz, R. Mark Halligan, Walter J. Kawula, Welsh & Katz, Limited, Jerold B. Schnayer, Welsh & Katz, Ltd., John L. Ambrogi, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter came before the Court for argument on the defendants' renewed motion to dismiss Counts I, X, XIII and XIV for lack of subject matter jurisdiction. These counts encompass plaintiffs' declaratory judgment claims for patent exhaustion (Count I), license rights (Count X), equitable estoppel (Count XIII) and patent misuse (Count XIV). The defendants argue that there is no actual case or controversy between the parties because the plaintiffs themselves have no reasonable apprehension of being sued and defendants have in fact now "covenanted" not to sue the plaintiffs. The fact that plaintiffs' customers are still open to suit, according to defendants, is not enough to vest this Court with subject matter jurisdiction.

When this case was last before this Court, Judge Harris considered and rejected a motion to dismiss two of these same declaratory judgment counts, the patent exhaustion claim (Count I) and the license rights claim (Count X). *See Minebea Co. Ltd. v. Papst*, 13 F.Supp.2d 35 (D.D.C.1998). After the case was transferred to Judge Morey Sears of the United States District Court for the Eastern District of Louisiana pursuant to an order of the Multidistrict Litigation Panel, Judge Sears considered and rejected defendants' motion to dismiss all four of the declaratory judgment claims that now are the subject of the instant motion. *In re Papst Licensing GmbH Patent Litigation*, No. MDL 1298, Ref. C.A. 99–3118, 2000 WL 1859013, at * 1 (E.D.La. Dec. 19, 2000). Both Judge Harris and Judge Sears concluded that there was a reasonable apprehension of suit by plaintiffs or their customers and that, as a result, there was a case or controversy sufficient to provide the court with jurisdiction. Plaintiffs therefore contend that the issues that are the subject of the renewed motion to dismiss have already been decided by one, if not two, district court judges, whose decisions should be followed by this Court either because they are the law of the case or because Judge Harris and Judge Sears were correct in their decisions on the merits.

To put their argument in its simplest form, defendants say this Court should grant their motion to dismiss because of two developments that have occurred since Judge Harris and Judge Sears issued their

decisions. First, the United States Court of Appeals for the Federal Circuit has decided a case that changes the legal landscape, *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333 (Fed.Cir.2001). According to defendants, that decision makes plain that plaintiffs' potential indemnity liability to their customers if defendants sue them does not create a sufficient "reasonable apprehension of suit" by plaintiffs for there to be an actual case or controversy and thus subject matter jurisdiction in this Court. Second, defendants have provided plaintiffs with what they refer to as a "covenant" not to sue. Specifically, on page 2 of their memorandum in support of their renewed motion to dismiss, defendants state: "Papst will not file suit against [Minebea] claiming that products made and/or sold by Minebea parties on or before the date of this covenant infringe [certain listed] patents." The "covenant" goes on to state, however, that "Papst ... expressly reserve[s] and do[es] not waive their rights ... to sue any entity other than Minebea who infringes any of the foregoing patents, including any Minebea customers...."

With respect to the first point, plaintiffs argue, and the Court agrees, that the Federal Circuit's decision in *TCI* does not change the law in any fundamental way. While the court in *TCI* stated in the text of the opinion that the declaratory judgment justiciability test "requires action by the patent owner that creates 'reasonable apprehension' on the part of the declaratory plaintiff that it will face an infringement suit"—and defendants emphasize the word "*it*"—the court went on to say that " 'apprehension' also may apply to a de-claratory plaintiff's customers," citing and reaffirming its decision in *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 737 (Fed.Cir.1988). *See Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d at 1341 n. 8. Thus, as plaintiffs point out, *TCI* broke no new ground on the matters at issue here: *Arrowhead* is still good law and plaintiffs' apprehension about suits against its customers is sufficient—as Judge Harris and Judge Sears concluded—to provide the Court with subject matter jurisdiction. *See Minebea Co., Ltd. v. Papst*, 13 F.Supp.2d at 39 (Harris, J.) (reasonable apprehension by Minebea of liability for indemnification to customers sufficient); *In re Papst Licensing GmbH Patent Litigation*, 2000 WL 1859013, at * 14 (Sears, J.) (acts by plaintiff that might subject it or its customers to suit for patent infringement sufficient under *Arrowhead* ).[1]

It follows that if the *Arrowhead* "customer suit" exception survives and in fact was reaffirmed by the court in *TCI*, the limitation contained in the Papst covenant not to sue does not provide plaintiffs with adequate protection. There thus remains an actual case or controversy between the parties and the Court has subject matter jurisdiction. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss Counts I, X, XIII and XIV of the second amended and supplemental complaint is DENIED.

SO ORDERED.

---

1. As noted by Judge Harris, "The test for determining whether an actual controversy exists in a patent case has been phrased in many ways, depending on the facts of the particular case. The two core elements of the test are: '(1) acts of defendant indicating an intent to enforce its patent; and (2) acts of plaintiff that might subject it or its customers to suit for patent infringement.' " *Minebea Co., Ltd. v. Papst*, 13 F.Supp.2d at 39 (quoting *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d at 737).